

ORDERED in the Southern District of Florida on _May 21, 2007_

Laurel Myerson Isicoff, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

SOUTH BEACH COMMUNITY
HOSPITAL LLC,

   Debtor.

_____/

CASE NO.   06-10634-BKC-LMI

Chapter 11

IN RE:

ALAN L. GOLDBERG, Chapter 11
Trustee for South Beach Community
Hospital, LLC,

   Plaintiff,

vs.

MOUNT SINAI MEDICAL CENTER OF
GREATER MIAMI, INC., a Florida
corporation,

   Defendant.

_____/

CASE NO. 07-1210-BKC-LMI

## ORDER TO SHOW CAUSE WHY WILLIAM P. SMITH, ESQ. SHOULD NOT BE SUSPENDED FROM PRACTICE BEFORE THIS COURT <u>INCLUDING REVOCATION OF HIS CURRENT PRO HAC VICE STATUS</u>

This matter came before this Court _sua sponte_.  For the reasons set forth below

William P. Smith, Esq. of McDermott Will and Emery is directed to appear to show

cause why he should not be suspended from practice before this Court, including revocation of his current pro hac vice admission. The basis of this Order is as follows:

1.     On or about April 25, 2007, the Trustee, Alan Goldberg, filed an Emergency Motion of Chapter 11 Trustee for Temporary Restraining Order (CP #2). Mount Sinai Medical Center of Greater Miami, Inc. ("Mt. Sinai") filed a Response to Motion of Chapter 11 Trustee for Temporary Restraining Order (CP #8).

2.     On May 7, 2007, counsel for Mt. Sinai filed a motion to admit William P. Smith, pro hac vice (CP #10), which motion was granted (CP # 11).

3.     On Monday May 7, 2007, Mr. Smith appeared before this Court on behalf of Mt. Sinai with respect to the Emergency Motion and a related motion filed by the Trustee in the main case. In response to a statement by this court, Mr. Smith replied "I suggest with respect, Your Honor, that you're a few French fries short of a Happy Meal in terms of what's likely to take place". A copy of the relevant page of the transcript is attached to this Order as Exhibit "A".

4.     All attorneys appearing before this Court are governed by the Model Rules of Professional Conduct of the American Bar Association, as modified and adopted by the Supreme Court of Florida, as well as this Court's "Guidelines for Courtroom Decorum." Local Rule 2090-2(1) and (E). All attorneys seeking admission pro hac vice certify and agree to be governed by these rules of professional conduct. Local Rule 2090-1(B)(2).

Accordingly, it is ORDERED and ADJUDGED that

William P. Smith, Esq. of McDermott, Will & Emery shall appear before this Court on June 25, 2007 at 11:00 a.m., U.S. Bankruptcy Court, Courtroom 1409, 51 S.W. First

2

Avenue, Miami, Florida to show cause why he should not be suspended from practice

before this Court, including revocation of his pro hac vice admission in this matter for

conduct that appears to be  inconsistent with the requirements for professional conduct

by which Mr. Smith agreed to be governed when he sought permission to appear before

this Court.

# # #

Copies to:
Honorable A. Jay Cristol
Honorable Robert A. Mark
Honorable Paul G. Hyman
Honorable Steven B. Friedman
Honorable Raymond B. Ray
Katherine Gould-Feldman, Clerk of Court
Steven Turner, Asst. U.S. Trustee
William P. Smith, Esq.
Steven Siff, Esq.
Gary Matzner, Esq.
Ross Hartog, Esq.
Alan Goldberg, Trustee
Arthur Rice, Esq.
Patricia Redmond, Esq.
Melinda Thornton, Esq.
Lewis Fishman, Esq.
Stuart Lavin, Esq.
Grant Dearborn, Esq.
Bevin Brown, Esq.

Page 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

Judge Laurel Myerson Isicoff

Chapter 11

**CERTIFIED COPY**

IN RE:                              )
SOUTH BEACH COMMUNITY               )
HOSPITAL, LLC,                      )
                                    )  CASE NO:   06-10634
                                    )             BKC-LMI
              Debtor.               )
_____)
ALAN L. GOLDBERG,                   )
                                    )  ADV. NO. 07-1210
              Plaintiff,            )             BKC-LMI-A
                                    )
vs.                                 )
                                    )
MOUNT SINAI MEDICAL CENTER OF       )
GREATER MIAMI, INC.,                )
                                    )
              Defendant.            )
_____)

EXCERPT   FROM   PROCEEDINGS
_____

May 7, 2007

     The above-entitled cause came on for hearing
before the HONORABLE LAUREL MYERSON ISICOFF, one of
the judges in the UNITED STATES BANKRUPTCY COURT, in
and for the SOUTHERN DISTRICT OF FLORIDA at Large, at
at 51 SW 1st Avenue, Miami, Dade County, Florida, on
May 7, 2007 commencing at or about 3:00 p.m., and the
following proceedings were had:

              Reported By:  Maria Elena Colomer

Exhibit "A"

Page 2

APPEARANCES:

        MARKOWITZ, DAVIS, RINGEL & TRUSTY,
        By ROSS R. HARTOG, ESQ.,
        On behalf the Trustee.

        RICE, PUGATCH, ROBINSON & SCHILLER,
        By ARTHUR HALSEY RICE, ESQ.,
        On behalf of Regions Bank.

        STEARNS, WEAVER, MILLER
        By PATRICIA A. REDMOND, ESQ.,
        On behalf of South Beach Doctors Hospital,
        LLC.

        McDERMOTT, WILL & EMERY, LLP
        By GARY C. MATZNER, ESQ.
            and
        WILLIAM P. SMITH, ESQ.,
        On behalf of Mount Sinai Medical Center
        of Florida, Inc.

        MIAMI-DADE COUNTY ATTORNEY'S OFFICE,
        By MINDY THORNTON, ESQ.,
        Assistant Miami-Dade County Attorney,
        On behalf of Miami-Dade County Tax Collector.

        LEWIS FISHMAN, ESQ.,
        Special Counsel on behalf of the Trustee.
        (via telephone)

        STUART LAVIN, ESQ.,
        On behalf of Hospital of South Beach, LLC.
        (via telephone)

        GRANT DEARBORN, ESQ. and BREVIN BROWN, ESQ.,
        On behalf of Agency for Health Care
        Administration.
        (via telephone)

    ALSO PRESENT:  Alan L. Goldberg, Trustee

Page 3

1    ************************************************************

2                    MR. SMITH:  How can you possibly assume,

3    based on the evidentiary record before you, this

4    transaction is likely to close?

5                    THE COURT:  Because I've previously ruled on

6    a contract that has one condition and one condition only

7    and that's the approval of the CHOW application.

8                    MR. SMITH:  And is the Court -- as part of that

9    ruling have you established all the financial bona fides

10   for all the documents sitting in escrow someplace so that

11   all that has to happen is the State of Florida has to

12   issue a decision and magically the documents are

13   automatically disbursed and nothing else happens?

14                   THE COURT:  I believe that has all been done, but

15   perhaps it has not.  But the only condition to close and

16   forfeiture of the deposit is the transfer of the -- the

17   approval of the CHOW application.

18                   MR. SMITH:  I suggest to you with respect, Your

19   Honor, that you're a few French fries short of a Happy

20   Meal in terms of what's likely to take place.

21                   THE COURT:  Proceed, counsel.

22   * * * * * * * * * * * * * * * * * * * * * * * * * *

23                   (Thereupon the proceedings were concluded.)

24

25

Page 4

1
                          CERTIFICATION
2

3

4  STATE OF FLORIDA          )
                             )    SS:
5  COUNTY  OF  MIAMI-DADE )

6

7

8

        I, MARIA ELENA COLOMER, Shorthand Reporter and
9  Notary Public in and for the State of Florida at Large, do
   hereby certify that the foregoing proceedings were taken
10 before me at the date and place as stated in the caption
   hereto on Page 1; that the foregoing computer-aided
11 transcription is a true record of my stenographic notes
   of the excerpt from proceedings requested.

12

13

14        WITNESS my hand this 17th day of May 2007.

15

16

17

18        _____
                MARIA ELENA COLOMER,
19           Court Reporter and Notary Public
            in and for the State of Florida at Large
20             Commission # DD 471400
                Expires:  10-4-2009

21

22

23

24

25